IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| CORY C. WELLS as Administrator of the Estate of N.K.W., a Deceased Minor; CORY C. WELLS, individually and BONNIE J. WELLS, individually, <br><br>Plaintiffs, <br><br>vs. <br><br>LAMPLIGHT FARMS INCORPORATED; REXAM CLOSURES AND CONTAINERS, INC.; BERRY PLASTICS CORPORATIONS; W. C. BRADLEY CO., and WALMART STORES, INC. <br><br>Defendants. | No. 5:13-cv-04070 MWB <br><br><br><br><br><br><br><br><br><br>**DEFENDANT LAMPLIGHT FARMS INCORPORATED AND W. C. BRADLEY CO.'S MOTION FOR ENTRY OF PROTECTIVE ORDER TO GOVERN PRODUCTION OF CONFIDENTIAL DOCUMENTS AND INFORMATION IN DISCOVERY (RESISTED)** |

**COME NOW** Defendants Lamplight Farms Incorporated ("Lamplight") and W. C. Bradley Co. ("Bradley"), pursuant to F.R.C.P. 26(c)(1) and move the Court enter a protective order to govern the discovery and use of confidential documents and information of these Defendants to be produced in discovery in this case, and in support thereof state:

1. This motion should not have to be filed. The matters below involve routine matters that should have been easily resolved. Plaintiffs, however, have refused to agree to a protective order that is reasonable to govern the production and use of confidential documents and information in this case, an order proposed by Defendants that is consistent with Rule 26(c) and standard practice in this district. Indeed, while Plaintiffs have already agreed to a protective order governing production and use of confidential documents of Defendant Walmart Stores, Inc.

(Docket Entry Nos. 42 and 43), which these Defendants, as an alternative, have stated they would agree to govern confidential documents and information produced by all Defendants, Plaintiffs have refused to agree to that as well.

2. Counsel for Defendants Bradley and Lamplight has already proposed two alternative protective orders to Plaintiffs to govern production of confidential documents and information in this case. Defendants' first proposal (attached hereto as Exhibit A), is a comprehensive but straightforward protective order that is consistent with Rule 26(c). That order would permit Plaintiffs full access to and full use of confidential documents for all purposes in this case. The second order is the order agreed to by Plaintiffs governing confidential documents and information of Walmart (the undersigned counsel also represents Walmart).

3. Defendants counsel raised the necessity of a protective order to govern confidential information produced by the Product Defendants (Bradley, Lamplight, and Rexam Closures/Berry Plastics) with Plaintiffs' counsel nearly a month ago. At Plaintiffs' request, Defendants submitted a proposed draft of a protective order (Exhibit A), on January 29, 2014.

4. Defendants' proposed protective order is designed to limit or eliminate the number of piecemeal disputes that would involve what constitutes "confidential information" within the meaning of Rule 26(c), by expressly linking the definition and designation of "confidential information" to the definition in Rule 26(c) itself (and cases decided there under), and by requiring counsel who designate a document or information as confidential to represent in good faith that the document or information is reasonably believed to constitute confidential information within the meaning of Rule 26(c).

2

5. Defendants' proposed protective order (Ex. A) not only limits confidential information to that which would be deemed confidential information under Rule 26(c), but also (a) expressly allows Plaintiffs to immediately receive the confidential information and documents (¶ 6); (b) expressly allows Plaintiffs to make full use of the confidential documents and information for any purposes in this case, including sharing the confidential documents or information with retained experts or consultants (*Id.*); (c) expressly provides that Plaintiffs can challenge the designation of confidentiality of any document at any time (¶ 4); and (d) expressly allows Plaintiffs to move to modify the protective order at any time (¶ 10).

6. Plaintiffs nevertheless have refused to agree to Defendants' proposed protective order. Upon Plaintiffs' refusal, Defendants alternatively then offered to agree to have the protective order governing Walmart's document production, to which Plaintiffs have already agreed and which has been entered by the Court, govern the production of confidential documents and information by the remaining Defendants. Plaintiffs have refused to agree to that as well.

7. In refusing to agree to either of the alternatives proposed by Defendants, Plaintiffs have largely insisted (a) on a definition of "confidential" that is far, far narrower than defined and interpreted under Rule 26(c); (b) on imposing burdens on Defendants with respect to establishing confidentiality, and a procedure for doing so, that is far more onerous than any burden imposed under Rule 26(c); and (c) on a provision being included in the order that would permit Plaintiffs to utilize and disseminate Defendants' confidential documents or information for purposes outside of this case, including, apparently, for purposes of pursuing or filing other lawsuits in other jurisdictions. Plaintiffs appear more concerned with how Defendants'

3

confidential documents and information can be used for purposes outside of this case than with agreeing to a reasonable protective order that will allow smooth and expeditious progress of discovery in this matter.

8. Defendants' counsel states that he has conferred with Plaintiffs' counsel both in writing and in personal conversations for more than two weeks, but has been unsuccessful in these efforts to reach agreement on a protective order for purposes of this case. Defendants state counsel has consulted in good faith on these issues, but these efforts have been unsuccessful. Defendants state, reluctantly, that Court action is therefore now required to adopt an appropriate protective order, given that Defendants have agreed to produce documents in this case on or before February 17, 2014, a substantial number of which are confidential.

## RELIEF REQUESTED

9. In view of the foregoing, these Defendants request the Court:

(1) enter a protective order in the form submitted as Exhibit A hereto to govern the production and use of confidential documents and information as to all Product Defendants (non-Walmart) in this case;

(2) in the alternative, enter an order providing that the protective order already agreed to by Plaintiffs and entered of record (Docket Nos. 42 and 43), governing the production of confidential documents and information by Walmart, also be deemed applicable to confidential information and documents being produced by the other Defendants in this case; and

(3) that Defendants' time for producing documents in response to Plaintiffs' pending document requests be extended until such time as this motion for protective order is resolved and an appropriate protective order entered.

Respectfully submitted,

/s/ Richard J. Sapp
| Richard J. Sapp | AT0006915 |
| Jess W. Vilsack | AT0008107 |
| Ryan G. Koopmans | AT0009366 |

NYEMASTER, GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309-3899
Telephone: (515) 283-3100
Facsimile: (515) 283-8045
E-Mail: rjs@nyemaster.com
jvilsack@nyemaster.com
rkoopmans@nyemaster.com
**ATTORNEYS FOR DEFENDANTS W. C. BRADLEY CO., LAMPLIGHT FARMS INCORPORATED and WALMART STORES, INC.**

5

# CERTIFICATE OF SERVICE

I hereby certify that on **February 13, 2014**, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Patrick E. Carr
A. Laurie Koller
Tye H. Smith
CARR & CARR
4416 S. Harvard Ave.
Tulsa, OK 74135
Telephone: (918) 747-1000
Facsimile: (918) 747-7284
E-mail: pcarr@carrcarr.com
lkoller@carrcarr.com
tyesmith@carrcarrokc.com
    **and**
Timothy S. Bottaro
Suzan E. Boden
VRIEZELAAR, TIGGES, EDGINGTON,
BOTTARO, BODEN & ROSS
613 pierce Street, P.O. Box 1557
Sioux City, IA 51101
Telephone: (712) 252-3226
Facsimile: (712) 252-4873
E-mail: tbottaro@siouxcitylawyers.com
    sboden@siouxcitylawyers.com
**ATTORNEYS FOR PLAINTIFFS**

Martha L. Shaff
BETTY NEUMAN & MCMAHON P.L.C.
1900 East 54th Street
Davenport, IA 52807-2708
Telephone: (563) 326-4491
Facsimile: (563) 326-4498
E-mail: mls@bettylawfirm.com
**ATTORNEY FOR DEFENDANTS REXAM CLOSURES AND CONTAINERS and BERRY PLASTICS CORPORATION**

/s/ Richard J. Sapp
NYEMASTER, GOODE, P.C.

6

Case 5:13-cv-04070-MWB   Document 45   Filed 02/13/14   Page 6 of 6