IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| CORY C. WELLS as Administrator of the Estate of N.K.W., a Deceased Minor; CORY C. WELLS, individually and BONNIE J. WELLS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>LAMPLIGHT FARMS INCORPORATED; REXAM CLOSURES AND CONTAINERS, INC.; BERRY PLASTICS CORPORATIONS; W. C. BRADLEY CO., and WALMART STORES, INC.<br><br>Defendants. | No. 5:13-cv-04070 MWB<br><br><br><br><br><br><br><br><br><br>STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION |

**COME NOW** Defendants Lamplight Farms Incorporated ("Lamplight"), Rexam Closures and Containers, Inc. ("Rexam"), Berry Plastics Corporation ("Berry Plastics"), W. C. Bradley Co. ("W. C. Bradley") (hereinafter collectively referred to as "Product Defendants"), and Plaintiffs, and stipulate to the below Protective Order regarding production and use of documents and information designated as Confidential and request that the Court enter this Protective Order of record pursuant to F.R.C.P. 26(c) as follows:

1. This Stipulated Protective Order (the "Protective Order") shall be applicable to all discovery furnished by Defendants Lamplight, Rexam, Berry Plastics, or W. C. Bradley ("Product Defendants') in the above-captioned action (the "Action"). This Protective Order shall

EXHIBIT A

govern all documents, information and materials produced by any Product Defendant designated to be "Confidential"[1].

2. Pursuant to this Protective Order, Product Defendants may designate any document or information as "Confidential" ("Confidential Information") under this Stipulation if such Defendant and its counsel in good faith believe that the designated restriction is appropriate under F.R.C.P. 26(c) because the document or information contains or reflects trade secrets or other confidential research and development, financial, or commercial information.

3. Any Confidential Information may be so designated by stamping the documents with the legend "Confidential" prior to their production, or by an accompanying written directive clearly describing the documents or information to be treated as "Confidential". Stamping such a legend or designation on the cover of any multi-page document or accompanying any such information shall serve to designate all pages of such documents confidential, unless otherwise indicated by that Defendant. Product Defendants may designate any portion of a deposition transcript containing or revealing such Confidential Information by serving line-by-line designations on all parties indicating the information that is to be designated as confidential. The term "document" as used in this Protective Order includes any deposition transcript claimed to contain or refer to Confidential Information.

4. By agreeing to the entry of this Protective Order, the Plaintiffs and all Defendants do not waive and specifically preserve the right to challenge the designation by any Defendant of any document or information as Confidential by giving written notice to all parties specifying

---

[1] A separate, less-detailed Protective Order is being submitted on behalf of Defendant Walmart Stores, Inc., a non-manufacturer in this product liability case.

which documents are claimed to be improperly designated within thirty (30) days of the receipt of documents or information designated as Confidential. During the fourteen (14) day period following the service of such written notice of the claimed improper designation, the parties shall confer in an effort to resolve the objections in good faith. If the parties are unable to resolve their dispute, they may present a motion to the court objecting to such confidential designation. The Confidential Information so designated shall maintain its confidential status during the pendency of any such motion until resolution by the court or further agreement of the parties.

5. The production by Product Defendants of any Confidential Information during discovery in the action without a "Confidential" designation shall be without prejudice to any later claim that such material should be treated as "Confidential", and Product Defendants shall not be held to have waived any rights by such production or disclosure. In the event that such production occurs, counsel for Product Defendants may re-designate the appropriate level of confidentiality which shall thereafter apply to such documents subject to the terms of this Order.

6. Documents or information designated as "Confidential" may be disclosed or may be made available by the receiving party only to the following:

   a. The Court (including the Court's administrative and clerical staff), provided that they are filed under seal;

   b. Attorneys of record in the Action, as well as the paralegals, clerical, and secretarial staff employed by such attorneys;

   c. The parties as well as those officers, directors, in-house attorneys, or employees of the parties who are actively involved in the Action or who are otherwise necessary to aid counsel in the Action;

   d. Court reporters transcribing depositions in the Action;

   e. Any deposition, trial, or hearing witness in the Action who previously has had access to the specified documents or who has

otherwise acted as an agent, employee, consultant, or advisor to the party that produced the documents, materials, or information, except for former employees;

f. "Expert Witnesses and Consultants," which shall be defined to mean a person who has been retained by one of the parties in good faith to serve as an expert witness or consultant (whether or not retained to testify at trial) in connection with this Action, including any persons working directly under the supervision of any such Expert Witnesses or Consultants, provided that prior to the disclosure of documents or information designated as "Confidential" to any Expert Witnesses or Consultants, the party making the disclosure shall deliver a copy of this Stipulation to such person, shall explain its terms to such person, and shall secure the signature of such person on the form attached hereto as Exhibit A;

g. Persons or entities serving subpoenas, including governmental law enforcement agencies and other governmental bodies, provided that the party issuing the subpoena gives counsel for the designating party written notice of such subpoena within five (5) business days after service of the subpoena but not less than five (5) business days prior to the production of documents in response thereto;

h. To the extent not otherwise permitted by paragraph 5(e) above, any deposition, trial, or hearing witness in the Action who executes the form attached hereto as Exhibit A; and

i. Any other persons to whom the parties all agree in writing and who executes the form attached hereto as Exhibit A.

7. All Confidential Information produced in this action shall not be disclosed to any person except the above in accordance with this Stipulation and Order, and shall be used by any such persons receiving such Confidential Information only for purposes of preparing and conducting this Action, and may not be disseminated or used outside of this Action or for any purpose other than the prosecution of this Action.

Page 4 of 9

Case 5:13-cv-04070-MWB   Document 45-1   Filed 02/13/14   Page 4 of 9

8. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced material as "CONFIDENTIAL". Counsel for the receiving party has no obligation to retrieve material that was disseminated prior to it being marked "CONFIDENTIAL" by the producing party nor shall any penalty apply to the handling of documents prior to their labeling as "CONFIDENTIAL."

9. The termination of this Action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated as Confidential pursuant to this Order. Upon a final judgment or settlement of the Action, and after the time for any and all appeals has expired, the parties, their counsel, their expert witnesses and/or consultants, and all parties who have signed Exhibit A and have been given confidential documents produced in the litigation, shall no later than sixty (60) days after such date return to Defendant's counsel, or certify that they have destroyed, all confidential documents produced by Product Defendants in the litigation, and all copies thereof, and produce a sworn statement, under penalty of perjury, that such documents and all copies thereof have been returned or destroyed, in the form of Exhibit B attached hereto. At the same time, counsel shall exchange copies of each statement in the forms attached hereto as Exhibit A that were signed pursuant to paragraph 6 of this Stipulation.

10. Any party to this Action may seek to amend or modify this Order at any time by appropriate motion to be filed with the Court or by obtaining mutual agreement of all parties agreeing to this Stipulation and Order. This Stipulation and Order may be amended or modified only by the Court or by a written agreement of the parties hereto.

**APPROVED AS TO FORM AND CONTENT:**

Patrick E. Carr
A. Laurie Koller
Tye H. Smith
CARR & CARR
4416 S. Harvard Ave.
Tulsa, OK 74135
Telephone: (918) 747-1000
Facsimile: (918) 747-7284
E-mail: pcarr@carrcarr.com
lkoller@carrcarr.com
tyesmith@carrcarrokc.com
    and
Timothy S. Bottaro
Suzan E. Boden
VRIEZELAAR, TIGGES, EDGINGTON,
BOTTARO, BODEN & ROSS
613 pierce Street, P.O. Box 1557
Sioux City, IA 51101
Telephone: (712) 252-3226
Facsimile: (712) 258-4873
E-mail: tbottaro@siouxcitylawyers.com
    sboden@siouxcitylawyers.com
**ATTORNEYS FOR PLAINTIFFS**

Richard J. Sapp
NYEMASTER, GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309-3899
Telephone: (515) 283-3100
Facsimile: (515) 283-8045
E-Mail: rjs@nyemaster.com
**ATTORNEY FOR DEFENDANTS
W. C. BRADLEY CO., LAMPLIGHT
FARMS INCORPORATED and
WALMART STORES, INC.**

Martha L. Shaff
BETTY NEUMAN & MCMAHON P.L.C.
1900 East 54th Street
Davenport, IA 52807-2708
Telephone: (563) 326-4491
Facsimile: (563) 326-4498
E-mail: mls@bettylawfirm.com
**ATTORNEY FOR DEFENDANTS
REXAM CLOSURES AND
CONTAINERS and BERRY PLASTICS
CORPORATION**

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2014.

                                                                _____
                                                                Judge / Magistrate Judge United States
                                                                District Court, Northern District of Iowa,
                                                                Western Division

# EXHIBIT A

1. I, _____,
residing at _____, have read the foregoing Stipulated Protective Order Regarding Confidentiality of Documents and Information (the "Stipulated Protective Order") in the action captioned *Cory C. Wells, as Administrator of the Estate of N.K.W. a deceased Minor and Cory C. Wells and Bonnie J. Wells, Individually v. Lamplight Farms Incorporated; Rexam Closures and Containers, Inc.; Berry Plastics Corporations; W. C. Bradley Co., and Walmart Stores, Inc.*, United States District Court for the Northern District of Iowa, Western Division, Case No. 5:13-cv-04070. I agree to be bound by its terms with respect to any documents designated as "Confidential" thereunder that are furnished to me as set forth in the Order. I further agree to return or destroy any documents produced by the opposing party according to the terms of paragraph 9.

2. I hereby consent to the jurisdiction of the Court in which the case is pending with respect to any proceedings to enforce the terms of the Stipulated Protective Order against me.

3. I hereby agree that any documents designated as "Confidential" that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own for any purpose other than this Action; nor will the information contained therein be imparted by me to any other person. At the conclusion of this Action, I agree to destroy or return any Confidential documents in my possession, including any copies thereof, and agree to certify that I have done so. <u>See</u> Exhibit B.

_____     _____
Date                        Signature

# EXHIBIT B

1. I, _____,
residing at _____, hereby certify under penalty of perjury that I have (check as applicable): [ ____returned and/or ____destroyed] all Confidential documents, and all copies thereof, in my possession provided to me in connection with the action captions captioned *Cory C. Wells, as Administrator of the Estate of N.K.W. a deceased Minor and Cory C. Wells and Bonnie J. Wells, Individually v. Lamplight Farms Incorporated; Rexam Closures and Containers, Inc.; Berry Plastics Corporations; W. C. Bradley Co., and Walmart Stores, Inc.*, United States District Court for the Northern District of Iowa, Western Division, Case No. 5:13-cv-04070.

_____  _____
Date                  Signature