IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| CORY C. WELLS as Administrator of the Estate of N.K.W., a Deceased Minor; CORY C. WELLS, individually and BONNIE J. WELLS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>LAMPLIGHT FARMS INCORPORATED; REXAM CLOSURES AND CONTAINERS, INC.; BERRY PLASTICS CORPORATIONS; W. C. BRADLEY CO., and WALMART STORES, INC.<br><br>Defendants. | No. 5:13-cv-04070 MWB<br><br><br><br><br><br><br><br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS LAMPLIGHT FARMS, INCORPORATED AND W. C. BRADLEY CO.'S MOTION FOR PROTECTIVE ORDER** |

## INTRODUCTION

Plaintiffs accuse Defendants of "foot dragging" and lament that "discovery is going to be a lengthy process." Plt. Br. 9 (Doc. No. 47). Plaintiffs are right: At this pace, discovery is going to take a long time and it's going to be very costly. But it's not Defendants that are holding things up.

The protective order that Lamplight and W.C. Bradley proposed is a standard protective order. So standard, in fact, that its terms are nearly identical to the form protective order that the United States District Court for the District of Minnesota has put on its website. *See* http://www.mnd.uscourts.gov/local_rules/forms/FORM-6.doc. Despite Plaintiffs' insinuation, there is nothing extraordinary about it.

Plaintiffs refuse to enter into a protective order with Lamplight and W.C. Bradley (even though they have stipulated to a protective order with Walmart) because (1) they claim not to have "sufficient information" to "determine whether Defendants meet the requirements of Rule 26," and (2) Plaintiffs' lawyers want to use the documents in other cases with other clients. The first argument is false; the second argument is legally insufficient.

## I. On their face, Plaintiffs' document requests and interrogatories ask for confidential information, so Plaintiffs' argument about "insufficient information" is untrue.

Plaintiffs say there's no need for a protective order in this case because "most of [their] discovery requests do not implicate" the "classic categories of trade secrets." Plt. Br. at 5. That's a red herring. Rule 26(c)(1)(G) states that a court may limit disclosure of "trade secrets *or* other confidential research, development, or commercial information," which—as this Court ruled last year—means "that the permissible scope of such [a protective] order is not limited to trade secrets." *Eggerling v. Advanced Bionics, LLC*, C11-4104-MWB, 2013 WL 835974, at *3 (N.D. Iowa Mar. 6, 2013). Documents are confidential if they contain, among other things, "information about manufacturing processes, budgeting and finance issues, testing and other matters that would not generally be released for public consumption." *Id.*

Plaintiffs are requesting documents that are confidential under that standard. One category—reports and medical information regarding specific incidents in which a customer allegedly ingested Tiki Torch fuel—is already the subject of Lamplight's motion to quash Plaintiffs' subpoena of PROSAR. *See* Doc. No. 41, at 1-3.[1] Plaintiffs are also requesting

---

[1] As Plaintiffs have already been informed, Lamplight is prepared to provide such "other claims" information as to the product involved – provided a protective order is in place to prevent public dissemination of such confidential information.
2

Lamplight's studies and evaluations of its product (Tiki torch fuel), the product's packaging, and any studies "regarding the compatibility of torch fuel with the closures used on bottles" of Tiki torch fuel. These are the kinds of documents that Lamplight is withholding pending the outcome of the Court's ruling on the motion for protective order. And Plaintiffs know that: The document responses that Plaintiffs attached to their resistance state as much.

The logical extension of Plaintiffs' argument is that Lamplight is not entitled to any protection of its confidential information unless it first produces every document to the Court that it intends to designate as confidential, and the Court rules on a document- by-document basis. As the Court well knows, that is not an efficient use of anyone's time—which is why the entry of a protective order of this type is standard practice. Numerous courts have recognized that protective orders like this one provide an efficient mechanism to deal with confidentiality issues. *See Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986) ("As the commentary in the *Manual for Complex Litigation Second* (MCL 2d) (1985) makes clear, the umbrella order approach has several advantages over the document-by-document method."); *Marolf v. AyA Aguirre & Aranzabal S.A.*, 4:09CV3221, 2011 WL 855676, at *4 (D. Neb. Mar. 8, 2011) (adopting a blanket or "umbrella" protective order over plaintiff's objection); *Ragland v. Blue Cross Blue Shield of N. Dakota*, 1:12-CV-080, 2013 WL 3776495 (D.N.D. June 25, 2013) (same).

Plaintiffs rely heavily on the Seventh Circuit's decision in *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999). But that case was about sealing documents based on a "standardless, stipulated, permanent, frozen, overbroad blanket order." *Id.* at 946. The Court said that it would have "no objection to an order that allows the parties to

keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge" is satisfied that the parties understand the bounds of Rule 26 confidentiality and are acting in good faith, and the parties can still challenge a confidentiality designation. *Id.* That's exactly what we have here. Lamplight and W.C. Bradley understand the Court's definition of confidential information under the *Eggerling* decision and are applying it in good faith. And just like the blanket protective order that Judge Zoss entered in *Eggerling* (over the plaintiff's objection), the proposed protective order here allows Plaintiffs to challenge Lamplight's and W.C. Bradley's confidentiality designations.

Plaintiffs are clearly asking for confidential information, and there is no basis for them to object to such a standard order.

## II. Allowing Plaintiffs' counsel to use the documents in *other cases* increases the risk that the documents will make their way into the public domain and makes this Court the document manager for all cases against Lamplight—state or federal—in any jurisdiction.

The proposed protective order gives Plaintiffs complete access to the documents for this case. And since this is the only case that the Wells family Plaintiffs are involved in, it's difficult to understand the problem with that. Of course, it is not about Plaintiffs; it is apparently about Plaintiffs' counsel. They want to use the documents in future, undisclosed cases in other, unknown jurisdictions.

The problem, of course, is that these unknown clients are not agreeing to the protective order. And they have not submitted to the jurisdiction of this Court. Using these documents in other cases, under this Court's order, puts this Court in the position of policing other cases in other jurisdictions. If Plaintiffs' counsel believes these documents are relevant to future cases involving other plaintiffs in other jurisdictions, then they can and should request them in

4

Case 5:13-cv-04070-MWB   Document 57   Filed 02/28/14   Page 4 of 7

discovery and the judge can adjudicate any dispute over the discoverability and confidentiality of those documents *for that case.*

Allowing Plaintiffs' counsel to use these documents outside of this case also increases the risk that the documents will be released to the public. They will go to witnesses who are not witnesses here; they will go to experts who are not experts here; and soon, someone in a case in Florida, New Jersey, or some other jurisdiction, is going to forget (or is never going to be told) that these documents are protected by a court order in the Northern District of Iowa. For this reason, protective orders almost always (if not always) limit the use of documents to the particular matter.[2] Indeed, the District of Minnesota's standard form order states that confidential documents and materials "shall be used solely for the purpose *of this action.*" http://www.mnd.uscourts.gov/local_rules/forms/FORM-6.doc (emphasis added).

\*     \*     \*

Defendants Lamplight Farms Incorporated and W. C. Bradley Co are ready to promptly produce relevant information that is confidential. The only thing delaying this discovery is Plaintiffs' refusal to agree to a standard protective order. For these reasons, Lamplight and W. C. Bradley respectfully request that the Court enter the proposed protective order.

---

[2] *See e.g., Williams v. Taser Int'l, Inc.*, CIVA1:06-CV-0051-RWS, 2006 WL 1835437, at \*2 (N.D. Ga. June 30, 2006) (rejecting plaintiff's counsel's request to allow them to share the documents with other attorneys in other, similar cases because the risk "posed by the release of its confidential information, and the difficulties of enforcing a protective order when confidential documents are widely disseminated, outweigh Plaintiffs' interest in sharing that information among various plaintiffs' counsel and experts"); *see also Scott v. Monsanto Co.*, 868 F.2d 786, 792 (5th Cir. 1989) (affirming order limiting use of documents to "this litigation").

Respectfully submitted,

*/s/ Richard J. Sapp*

| | |
|---|---|
| Richard J. Sapp | AT0006915 |
| Jess W. Vilsack | AT0008107 |
| Ryan G. Koopmans | AT0009366 |

NYEMASTER, GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309-3899
Telephone: (515) 283-3100
Facsimile: (515) 283-8045
E-Mail: rjs@nyemaster.com
      jvilsack@nyemaster.com
      rkoopmans@nyemater.com

**ATTORNEYS FOR DEFENDANTS
and COUNTERCLAIMANTS
W. C. BRADLEY CO. and LAMPLIGHT
FARMS INCORPORATED and
WALMART STORES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on **February 28, 2014**, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Patrick E. Carr
A. Laurie Koller
Tye H. Smith
CARR & CARR
4416 S. Harvard Ave.
Tulsa, OK 74135
Telephone: (918) 747-1000
Facsimile: (918) 747-7284
E-mail: pcarr@carrcarr.com
lkoller@carrcarr.com
tyesmith@carrcarrokc.com
   **and**
Timothy S. Bottaro
Suzan E. Boden
VRIEZELAAR, TIGGES, EDGINGTON, BOTTARO, BODEN & ROSS
613 pierce Street, P.O. Box 1557
Sioux City, IA 51101
Telephone: (712) 252-3226
Facsimile: (712) 258-4873
E-mail: tbottaro@siouxcitylawyers.com
      sboden@siouxcitylawyers.com
**ATTORNEYS FOR PLAINTIFFS**

Martha L. Shaff
BETTY NEUMAN & MCMAHON P.L.C.
1900 East 54th Street
Davenport, IA 52807-2708
Telephone: (563) 326-4491
Facsimile: (563) 326-4498
E-mail: mls@bettylawfirm.com
**ATTORNEY FOR DEFENDANTS and COUNTERCLAIMANTS REXAM CLOSURES AND CONTAINERS and BERRY PLASTICS CORPORATION**

/s/ Richard J. Sapp
NYEMASTER, GOODE, P.C.